```
Law Offices Jason M. Ingber, P.C.
Jason M. Ingber (SBN 318323)
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Telephone:      310-270-0089
E-mail:         jasonmingber@gmail.com

Attorney for Plaintiff
Josue Anaya Samano
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josue Anaya Samano, a California citizen, for himself and on behalf members of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> Oportun, Inc., a Delaware Corporation and DOES 1-5. <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Josue Anaya Samano("Plaintiff"), through his attorney, alleges this class action against defendant Oportun, Inc. ("Oportun"):

## SUMMARY OF ACTION

1. Plaintiff signed a short term high interest loan from Opportun;

2. Opportun and Plaintiff agreed that Plaintiff's personal (sole) motor vehicle would serve as a collateral.

3. Plaintiff missed a payment and accepted a renewed payment schedule with Opportun.

4. Opportun took possession of Plaintiff's car in a "repossession" before his time to pay his loan expired.

5. Plaintiff paid off his loan that day and had to pay additional fees and was delayed numerous ways to extract his car from an impound.

6. Opportun also reported this wrongful repossession to the credit reporting agencies and Plaintiff's credit was negatively impacted.

7. Therefore, this action is for damages and other remedies, that result from Opportun's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et. seq., ("FCRA") violations of the California Consumer Credit Reporting Agencies Act, Cal Civ Code §1785, et seq. ("CCCRA"), violations of California's Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et seq. ("UCL") and the Consumer Legal Remedies Act, Cal. Civ. C. § 1750, et seq. ("CLRA"); Fair Debt Collection Practices Act ("FDCPA"), Cal. Civ. Code § 1788 *et seq*.; and is also liable for negligent training, retention, and supervision of its employees and negative credit reporting. Plaintiff seeks a public injunction ordering that, moving forward, cease all premature repossessions on a debt consumer services and inaccurate credit reports.

8. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate

**CLASS ACTION COMPLAINT**

mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, accuracy and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

9. Plaintiff brings this class action complaint to challenge the actions of Defendant with regard to Defendant's inaccurate reporting of a delinquent account on Plaintiff's and other similarly situated consumers' credit reports and the underlying business practices for such decisions.

10. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

13. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**THE PARTIES**

14. Plaintiff is an individual consumer residing in the State of California, Santa Clara County.

15. Defendant Oportun Incorporated is a California corporation with a principal place of business located in San Carlos, California. Defendant Oportun Inc. failed to conduct a diligent and reasonable investigation into Plaintiff's debt, improperly engaged in debt collection activity, and/or inaccurately caused fraudulent reports to the credit bureaus.

16. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

17. This Court has federal question jurisdiction because this case arises out of violation of federal law, especially 15 U.S.C. §1681 et seq.

18. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.. and the Fair Debt Collection Practices Act, and the Court has supplemental jurisdiction over Plaintiff's CCCRA, UCL, and CLRA claims.

19. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

**STATEMENT OF FACTS**

20. Oportun provided Plaintiff with a high interest loan.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California. Further, Defendant regularly provides information to consumer credit reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

22. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

23. Plaintiff provided his car as a collateral for the high interest loan.

24. Plaintiff accepted a written offer from Oportun to settle his debt in one payment by April 28, 2023.

25. Plaintiff paid the amount owed on the car on April 26, 2023, but Oportun had repossessed his car in the early morning of that day.

26. Plaintiff called Oportun representatives on numerous occasions to implore them to release his car and explain but to no avail.

27. In early 2023, Defendant reported to the credit bureaus that Plaintiff was delinquent in payments toward his loan.

28. This was not accurate as Plaintiff had paid off his loan in full.

29. Defendant's omissions and representations about Plaintiff's loan account, are material to Plaintiff's decision to transact with Defendant: had Plaintiff known Defendant would not properly update his loan account in good standing, Plaintiff would not have transacted with Defendant.

30. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

31. Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense.

32. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. Section 1681a(f); FCRA and the CCCRA prohibit such conduct.

33. Defendant is aware that the credit reporting agencies to which they are providing information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance, or employment. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

34. Plaintiff has been damaged, and continues to be damaged with emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about

Plaintiff to other people both known and unknown and decreased credit score which may result in inability to obtain credit on future attempts.

35. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   (i) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   (ii) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

37. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

38. As a result of the above violations of the CCCRA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

39. Defendant has a common practice to fail to investigate loans and failures to give proper written notices regarding auto repossessions.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Classes").

41. The two classes which Plaintiff seeks to represent is composed of and defined as follows:

Class A: All persons collateral that was repossessed prior to expiration of a renewed agreed upon loan term within the four-year period prior to the filing of Plaintiff's Complaint.

California Subclass: All members of the Plaintiff Class who are California Residents.

Class B: All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects a delinquency entry by Defendant, for a time period when they had received a renegotiated loan term to which they abided, within the four-year period prior to the filing of Plaintiff's Complaint.

California Subclass: All members of the Plaintiff Class who are California Residents.

42. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the hundreds. This matter should therefore be certified as a Class action to assist in expeditious litigation.

43. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant engaged in illegal and deceptive practices, when it reported Plaintiff and the Classes' Members as delinquent after receiving a forbearance in violation of the FCRA and CCCRA.

44. This suit seeks only recovery of actual and statutory damages on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes' definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

A. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents reported inaccurate credit information to the Credit Reporting Agencies, pertaining to the status of Class Members' high nterest short term loans;

B. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents performed a reasonable due diligence prior to repossession of a collateral by a California consumer Class Member.

**CLASS ACTION COMPLAINT**

C. Whether such conduct was unfair, unlawful, or fraudulent under the UCL or a violation of the CLRA;

D. Whether Plaintiff and the Classes' members were damaged thereby, and the extent of damages for such violations;

E. Whether Plaintiff and the Classes' members suffered actual damages as a result of Defendant's conduct;

F. Whether Plaintiff and the Classes' members are entitled to statutory damages as a result of Defendant's conduct;

G. Whether Plaintiff and the Classes' members are entitled to injunctive relief;

H. Whether Plaintiff and the Classes' members are entitled to an award of reasonable attorneys' fees and costs;

I. Whether Plaintiff will fairly and adequately protect the interest of the Classes; and,

J. Whether Plaintiff's counsel will fairly and adequately protect the interest of the Classes.

47. As a person who suffered an inaccurate reporting of a delinquent account by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Classes.

48. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act, the Consumer Credit Reporting Agencies Act,

1  the Unfair Competition Law, and the Consumer Legal Remedies Act and the Fair Debt Collection

2  Practices Act.

3       50.    A class action is a superior method for the fair and efficient adjudication of this

4  controversy. Class-wide damages are essential to induce Defendant to comply with federal and

5  California law. The interest of Class members in individually controlling the prosecution of separate

6  claims against Defendant is small because the maximum statutory damages in an individual action

7  for FCRA, CCCRA, UCL, or CLRA violations are minimal. Management of these claims is likely to

8  present significantly fewer difficulties than those presented in many class claims.

9       51.    Defendant has acted on grounds generally applicable to the Classes, thereby making

10  appropriate declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

*Plaintiff individually and on Behalf of the Class A Against Defendant*

14       52.    Plaintiff repeats, re-alleges, and incorporates by reference all other

15  paragraphs, as if fully set forth herein.

16       53.    Opportun is a debt collector under the Fair Debt Collection Practices Act.

17       54.    Opportun's acts and omissions constitute numerous and multiple violations of the

18  FDCPA, including but not limited to violated section 808 and 807(2)(A).

19       55.    Opportun violated the FDCPA, by making false, deceptive and/or misleading

20  representations in attempts to collect a debt.  This included but is not limited to, falsely

21  promising Plaintiff an amount of time to pay off his loan and keep his car and a failure to abide

22  by their own provided timeline and failure to provide proper disclosures pertaining to their

23  collecitons.

24       56.    Opportun's violations, result in Plaintiff's statutory damages, actual damages,

25  reasonable attorney's fees, and costs.

## SECOND CAUSE OF ACTION

- 9 -
**CLASS ACTION COMPLAINT**

# FAIR CREDIT REPORTING ACT VIOLATIONS

## 15 U.S.C. §§ 1681-1692X (FCRA)

*Plaintiff individually and on Behalf of the Class B Against Defendant*

57. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

59. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   A. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   B. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

   C. Failure to provide written notice in connection with repossession of Plaintiff's collateral.

60. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

61. As a result of each and every willful violation of the FCRA, Plaintiff and Class Members are entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other Class Members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

62. Opportun is a creditor under the Fair Credit Reporting Act.

63. Opportun's acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to violated Section 623(a)(7) and Section 623(a)(8).

64. Opportun violated the FCRA, because:

A. Opportun reported the repossession to credit reporting bureaus.

B. Opportun failed to notify Plaintiff in writing, within five days of the repossession, about their intent to report the delinquency to the credit bureaus.

C. Opportun reported to credit reporting agencies regarding the repossession and delinquency is inaccurate and misleading. This inaccuracy resulted in negative consequences for Plaintiff's credit score and creditworthiness.

D. Opportun intended to furnish information about repossession or delinquency to a credit reporting agency about Plaintiff.

E. Opportun failed to provide Plaintiff with the name, address, and telephone number of the credit reporting agency(ies) they intended to report the repossession or delinquency to.

F. Opportun failed to provide required information occurred before or at the time of the repossession or delinquency.

65. Opportun's violations, result in Plaintiff's statutory damages, actual damages, reasonable attorney's fees, and costs.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**CAL. CIV. CODE §1785.25(a).**

*Plaintiff Individually and on Behalf of the California Subclass Against Defendant*

22. Plaintiff hereby incorporates by reference each of the paragraphs set forth above as though fully set forth hereinafter.

23. California Consumer Credit Reporting Agencies Act, Civil Code Section 1785.25(a) protects consumers such as Plaintiff from the reporting of false, misleading, or incomplete information on their consumer credit reports as well as inaccurate, misleading or incomplete collection, dissemination and use of consumer information, including without limitation, consumer credit information.

**CLASS ACTION COMPLAINT**

24. Inaccurate, misleading or incomplete information has been furnished by each Defendant about Plaintiff as an actual and proximate cause of Defendants' reporting of incorrect, misleading or incomplete information.

25. Based on these violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785.25(a), Plaintiff is entitled to the remedies afforded by California Consumer Credit Reporting Agencies Act, Civ. Code section 1785.31, including without limitation, actual damages, attorney's fees, pain and suffering, injunctive relief and punitive damages in an amount neither less than $100.00 nor more than $5,000.00 per each violation as the Court deems due, proper and appropriate.

26. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and consumer, and Plaintiff's credit worthiness.

27. Plaintiff has been further damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   b. Decreased credit score which may result in inability to obtain credit on future attempts; and

   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report, including:

      i. Payment to credit repair company in excess of $600;

      ii. Credit monitoring at $22.00 per month since the revelation of incorrect information reported to plaintiff's credit file with each defendant;

      iii. Attorney fees and costs incurred to bring this action.

28. Plaintiff will ask leave of court to amend his complaint when the true nature and extent of their damages have been ascertained.

**CLASS ACTION COMPLAINT**

29. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate pertaining to Plaintiff the California Subclass's mortgages under Trial Payment Plans.

### FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW
### California Business & Professions Code §17200

66. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

67. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected members of the general public as remedies for any violations of the UCL.

68. Beginning on an exact date unknown to plaintiffs, but at all times relevant herein, Opportun dealership have committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

   a. Opportun failed to conduct a reasonable and diligent investigation into Plaintiff's loan status, and failed to reach the correct determinations.

   b. Opportun knowingly and willfully reported false information to the credit bureaus.

   c. Opportun violated the Fair Debt Collection Practices Act Act by collecting a collateral they were not entitled to collect, failing to notify Plaintiff regarding his repossession, , and failing to notify Plaintiff in writing its determinations and basis for them.

69. The business acts and practices of Defendant, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. These acts and practices have no utility that outweighs their substantial harm to consumers.

70. The business acts and practices of Opportun constitutes fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

71. The unlawful, unfair and fraudulent business acts and practices of defendants described herein present a continuing threat to Plaintiff and members of the general public in that Opportun's acts and practices, and will persist and continue to do so unless and until a public injunction is issued by this Court.

72. Pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

73. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that Defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

74. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

75. UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App.. 4th 1350, 1365 (2010). Here, Plaintiff satisfies all three.

76. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Classes. Plaintiff and members of the Classes have suffered injury in fact due to Defendant's decisions to report inaccurate information to the credit bureaus regarding their loan status. Now, Plaintiff and members of the classes are receiving decreases in their credit scores. Consequently, Defendant's conduct has caused substantial injury to Plaintiff and members of the Classes.

77. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Defendant induced individuals to accept its renegotiation loan terms programs under the understanding that Defendant would honor them.

78. Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co..*, 20 Cal. 4th 163, 187 (1999).

79. Further, Defendant's false representations and omissions, forced Plaintiff and third parties to rely on these representations when choosing which student loan provider to use. Defendant induced Plaintiff and Class members to believe that they would honor their loan status and report accurate information to the credit bureaus. As a result, Defendant caused Plaintiff and Class members to forgo purchasing student loans from other loan servicers due to false representations.

80. A third test under for determining unfairness under the UCL is a balancing test as to whether the business practices is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

81. Here all of these factors weigh in favor of Defendant's business practices being unfair.

82. The Defendant took advantage of the market and of consumers to usurp a monopoly and deprive businesses and consumers from engaging in transactions that these businesses and consumers would have otherwise provided had Defendant not made false representations and omissions and had Defendant properly reported Plaintiff and class members loan status' to the credit bureas.

83. Defendant has acted, immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

84. Finally, the injury suffered by Plaintiff and members of the Classes is not an injury that these purchasers could reasonably have avoided. 85. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

85. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a Purchaser must allege that the fraudulent business practice was likely to deceive members of the public.

86. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

87. Here, not only were Plaintiff and the Classes' members likely to be deceived, but these Purchasers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to forbearance under the basic assumption that they would properly update their loan status'. Due to the unequal bargaining powers of Defendant and Class Members, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

88. As explained above, Defendant deceived Plaintiff and other Class Members by representing inaccurate reporting to credit bureaus of loan status' and falsely represented the nature of the renewed loan terms.

89. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

90. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful...business act or practice."

91. Finally, Defendant violated the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et. seq., as described below, and FCRA and CCCRA as described above. These actions by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

92. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSUMER LEGAL REMEDIES ACT

*Plaintiff Individually and on Behalf of the California Subclasses Against Defendant*

93. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

94. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    (i) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

    (ii) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);.

95. Pursuant to Cal. Civ. Code §1782(d), Plaintiff brings this cause of action for injunctive relief only at this time, but retains the right to amend her complaint without leave of court to include a request for damages thirty (30) days after compliance with Cal. Civ. Code §1782(a).

## FIFTH CAUSE OF ACTION

**NEGLIGENT TRAINING, RETENTION, AND SUPERVISION; NEGLIGENCE PER SE**

*Plaintiff Individually and on Behalf of Both Classes and Subclasses*

96. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

97. Opportun has a duty to properly train, retain, and supervise its employees with respect to their job duties.

98. Opportun negligently trained, retained, and supervised its employees with respect to the premature repossession of Plaintiff's collateral and improper credit reporting.

99. Opportun knew, or should have known, that its employees were unfit, and therefore presented an undue risk, to handle their duties and obligations with respect to servicing Plaintiff's loan.

100. As a result of its negligent instruction, retention, and supervision, the employees, while carrying out their job duties, caused injury and damage to Plaintiff and the Classes' Members.

101. As a direct and proximate cause of Opportun's unlawful conduct, Plaintiff and the Classes' Members experienced emotional distress, loss of sleep, anxiety, and additional damages at an amount to be determined at trial.

102. Opportun acted with oppression and/or malice, thereby entitling Plaintiff and the Classes' Members to punitive damages in an amount to be determined at trial.

103. Opportun acted in a despicable manner and acted with conscious disregard toward Plaintiff's rights and personal property.

104. Opportun violated the Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq. and The California Consumers Legal Remedies Act (CLRA), California Civil Code §§ 1750 et seq. with its lack of proper notices, premature repossession of Plaintiff's car in connection with a contract as to debt.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded the following legal and equitable relief:

1. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing two appropriate Classes and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing Plaintiff's counsel as counsel for the Classes.

2. Actual damages.

3. Punitive damages.

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); statutory damages for Plaintiff and each member of The Classes pursuant to the FCRA; statutory damages for Plaintiff and each member of The Classes pursuant to the FDCPA statutory damages for Plaintiff and each member of The California Subclass pursuant to the CCCRA; or any other law or statute against Defendant.

5. For a public injunction ordering that, moving forward, Opportun may not prematurely repossess collaterals and cease inaccurate information reporting to the credit bureaus.

6. Reasonable attorney's fees and costs to bring and maintain the instant action.

7. For such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  June 12, 2023            LAW OFFICES OF JASON M. INGBER, PC

*/s/ Jason M. Ingber*
Jason M. Ingber
Attorney for Plaintiff
Josue Anaya Samano

**CLASS ACTION COMPLAINT**